E-FILED
Friday, 25 June, 2021  03:44:53 PM
Clerk, U.S. District Court, ILCD

FILED

JUN 2 5 2021

CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DAVID SCOTT ALBERS
              Plaintiff,

-V-

J, SHEA - Case Manager
    F.B.O.P. et. al.
              Defendant

Case No: _____

Hon. _____

"Jury Trial Demand"

## COMPLAINT

COMES NOW, Plaintiff David Scott Albers against the above entitled Defendant(s), who is/are "Federal Employees" working as a Case Manager/Corrections Officer for the Federal Bureau of Prisons at FCI PEKIN.

Plaintiff will show the court why the defendant should be held accountable by Judgment.

### Jurisdiction/Venue

This court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper in the United States District Court Central District of Illinois because; the acts committed-occurred at F.C.I PEKIN

1.
Plaintiff, filed The B.P. process and has exhausted his administrative Remedy.

2.
Plaintiff's received response for the BP 10 Was a remand back to FCI Pekin for further review

i

in March, 2020 - But no review or correction was done.

3.

Plaintiff re-submitted the B.P. Process, completely exhausted, stating Staff misconduct and asked for a full and impartial investigation. The B.P. 11 was due April 11, 2021 - I have not received the response. The Counsler, Mr. Stouffer at FCI HAZELTON told me the reply but said, "I did not need a copy" and did not provide me with a copy of the B.P. 11.

4

At all times mentioned defendant J. Shea case manager a legitimate governmental interest put forward to justify my Security Classification was strictly in violation of Duties; an evaluation to ensure that the risk and needs assessment system bases the assessment of each prisoner's risk of recidivism on indicators of progress, and of regression that are dynamic and that Can reasonably be expected to change while in prison.

5.

At all times mentioned defendant J. Shea case manager works for the Federal government at FCI PEKIN.

2

6.

Plaintiff, David Scott Albers was housed at FCI PEKIN under the custody of FEDERAL BUREAU OF PRISON'S.

7.

At all times mentioned defendant J. Shea case manager worked in the capacity detailing inmate Custody Classification at FCI PEKIN See P.S. 5100.08 FORGED a Federal document in Violation of P.S. 3420.11

8.

At all times mentioned defendant J. Shea case manager working in the capacity of a case manager, inmate Security Designation and Custody Classification. The Classification is necessary to place each inmate in the most appropriate Security level and institution that also meets their program needs. 18 U.S.C. § 3621(b).

9

The goal of Case Manager J. Shea and B.O.P.'s is to place Plaintiff in a setting Comfortable for family and friends to promote visiting within the Community.

10

At all times mentioned defendant J. Shea case manager unreasonably held Plaintiff,

3

in F.C.I PEKIN-MEDIUM security by putting a non-existing detainer on Petitioner, denying proper placement to a low level security facility and blocked potential for programming that Petitioner is eligible for.

11.

At all times mentioned defendant J. Shea case manager created a "atypical and significant hardship", not recommending a transfer to a low level facility putting a false information in regards of my security Classification raising my base score points (Greatest severity detainer) and (Public safety factor), by seven (7) points to 17.

12.

At all times mentioned defendant J. Shea. case manager created a disputed matter of professional Judgment,* rational in defendant J. Shea's actions to put a detainer on Plaintiff without any legal authorization.

13.

At all times mentioned defendant J. Shea case manager put a detainer on Plaintiff without authority, there is NO record of

* State of mind!

4

charges, warrants, case(s) or detainer in Petitioner's record file or any documents) generated by the F.B.O.P. that had/has any reference to this detainer filed.

14.

At all times mentioned defendant J. Shea Case manager scheduled Plaintiff for a team review November-2019, for program and custody evaluation.

15.

At all times mentioned defendant J. Shea Case manager reviewed Plaintiff on several points of classification including, Sentence monitoring Computer data, Individual Re-entry Plan - Program Review.

16.

At all times mentioned defendant J. Shea Case manager DID NOT provide Plaintiff with the primary purpose of the (6)six month team-The Male Custody Classification form.

17.

At all times mentioned defendant J. Shea Case manager did show Plaintiff the male custody Classification form when Plaintiff asked to see it.

5

18.

At all times mentioned defendant J. Shea case manager revealed the Male Custody Classification form score was at (17) seventeen points.

19.

At all times mentioned defendant J. Shea case manager told Plaintiff that those points were calculated correctly.

20.

At all times mentioned defendant J. Shea case manager said that the (7) seven points for the detainer was correct

21.

At all times mentioned defendant J. Shea Case manager did not give Plaintiff a copy Of the Male Custody Classification form.

22.

At all times mentioned defendant J. Shea case manager told Plaintiff that she (J. Shea) put the detainer on Plaintiff.

23.

At all times mentioned defendant J. Shea Case manager told Plaintiff that the detainer would stay on until my next team - 1 year.

24.

THAT: Plaintiff contacted the records office, Ms.Engleman, who called Plaintiff off the yard, and told Plaintiff that she did not understand why Ms. Shea said I had a detainer there was nothing in the file to say there was a detainer. Ms. Engleman gave Petitioner a copy of the Detainer action Letter and e-mailed a copy to Ms. Shea and Counsler Mr. Newman - on two different occasion(s).

25.

At All times mentioned defendant J. Shea case manager saw Plaintiff the next day of my team meeting and told Petitioner she didn't care what Ms Engleman said and that She (ms.shea) did not have a copy of the Detainer Action Letter when defendant did my team preparation. The Detainer Action Letter was dated: May 24, 2019.

26.

At all times mentioned defendant J. Shea Case manager became angry at Petitioner And would not correct the record - Male Custody Classification Form.

27.

At all times mentioned defendant J. Shea Case manager put her hand up in front of

7

Plaintiff face and said she was done with Plaintiff.

28.

At all times mentioned defendant J. Shea case manager called to have Plaintiff put in the SHU saying I threatened her.

29.

THAT Plaintiff contacted Mr. Brown, unit team manager to inform Mr. Brown of defendants actions and Mr. Brown said: "Just do the 18 months", and did not investigate.

30.

THAT Plaintiff contacted MS. Gerrard D.H.O. who responded that Ms. J. Shea did not have the record when she did my team and I was to wait until my next team in November 2020 See Exhibit

31.

THAT Plaintiff filed the B.P. process, once I tried to do the Informal Review with Mrs. Brown, Ms. Gerrard, Mr. Newman, all employees at FCI PEKIN, STAFF.

32.

<u>INJURY</u>

I want to incorporate by reference #1 - #31.

8

32.

THAT: Plaintiff has been injured by the actions of
defendant J. Shea, Mr. Brown, Ms. Gerrard, and
WARDEN F. ENTZEL,

33

THAT:  Plaintiff has been prohibited proper security
placement through the false application of
defendant J. Shea - lodging a detainer.

34.

THAT: Plaintiff's injury is from April 17, 2019 until
the present time.

35

THAT:  Plaintiff has been, is being deprived of
rehabilitation in the F.B.O.P being forced
to remain in a Medium Security facility that
does not provide programming Plaintiff is
eligible for.

36

THAT:  Plaintiff has been deprived of useful
rehabilitation being forced to be in a medium
security level when Plaintiff NEVER had
points to house Plaintiff from the start
of confinement.

37.

THAT: Plaintiff has been deprived of continued lack of contact by visitation of family and friends being at such a distance preventing access, causing emotional and physical damage.

38.

At all times mentioned defendant J. Shea case manager, one of her practices and patterns has caused multiple inmates these same hardships by forging Federal documents violating P.S. 3420.11 putting detainers, management variables and Public safety factors on inmates to keep inmates in their facility.

39.

THAT: Policy Statement 3420.11 : Standard of Employee Conduct. Employee's will conduct themselves in a manner that bolster's respect for the Federal Bureau of Prisons, Dept. of Justice and U.S. Government.

40.

THAT: Employees will conform to procurement integrity

41.

THAT: Employees will conform to procurement regulations.

42.

THAT: Employee's will hold the ethical rules governing their profession: falsifying documents do not make them litigimate.

43.

THAT: Policy Statement 5100.08 states only formally
filed detainers are considered.

44.

THAT: Inmate should be informed that it is vitally
important that all pending charges and detainers
be resolved as quickly as possible, that
institution programming and release planning
can ocurr.

45.

THAT: A key component of F.B.O.P. current needs Assessment
System: Sentenced inmates arrive at their B.O.P.
institution for service of their federal sentence
needing some or all of the following: career
and technical education, literacy, mental health
treatment, health care, and other assistance
such as treatment for substance abuse use
disorders, parenting skills, and linkages to
community resources for continunity of care.
First Step Act of 2018 (Public Law 115-391; 132 Stat. 5220),

46.

THAT: As a direct, proximate and foreseeable result of
the acts and conduct of defendant case Manager
J. Shea, Plaintiff was injured, continues to be
injured, was injured in the pattern and practice
of Ms. Shea's profession, interfered with

Plaintiff's security classification, causing Plaintiff wanton pain, stress, fear, anxiety, emotional and mental strain and the conditions were wholly irrational, discriminatory, unreasonable, invidious, outrageous, and were the cause of irritability, constipation, bowel conditions, amplifing stomach pain, and indigestion, restless nights, fear of safety from physical altercation(s), panic disorder and PTSD, I'm jumpy and restless.

### 47.

THAT: The Acts and conduct set-out in this complaint were done with knowledge, permission, consent, and participation, of defendant J. Shea, in the position of Case Manager, Corrections Officer C.O. whom promulgates regulations, and rule directives governing, P.S. 5100.00

### 48

THAT: Plaintiff pursues claims for loss of opportunity, loss of participation in prison activities, loss of access to prison programs and services, and loss of freedom of movement and social context stemming from the same violation.

RELIEF: Award Plaintiff punitive and exemplary damages And have Plaintiff moved to Miland michigan, low facility as recommended in his sentence.

Respectfully Submitted,

By: David Scott Albers Agent

David Scott Albers

## DECLARATION

I, David Scott Albers, declare under penalty of Perjury that I am the Petitioner- pro se, in the above stated matter and that the foregoing is true and correct based upon information and belief not willfully false. I make this declaration pursuant to 28 U.S.C. 1746 This 1st day of June -2021.

Respectfully Submitted,

By David Scott Albers Agent
David Scott Albers
Reg No. 15580-040
FCI HAZELTON
P.O. Box 5000
Bruceton Mills WV 26525

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June 2021, a true and correct copy of the foregoing was mailed to the CLERK OF THE COURT UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF ILLINOIS, for uploading in the CM/ECF System which shall send electronic notification to the following:

U.S. Attorney's Office

13