IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID SCOTT ALBERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 21-CV-1182 |
| ) | |
| J.SHEA, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE.**

Plaintiff proceeds pro se from his incarceration in federal prison in West Virginia. On September 13, 2021, the Court dismissed Plaintiff's complaint for failure to state a federal claim, with leave to file an amended complaint. The Court assumes familiarity with that order.

Plaintiff has filed an amended complaint, but the amended complaint still fails to state a federal claim. Plaintiff alleges that Defendant Shea intentionally "falsified a federal document, putting a detainer" in Plaintiff's classification file, which allegedly has prevented Plaintiff from transferring to a lower security federal prison with more rehabilitative programs.

These allegations are essentially the same allegations Plaintiff made in his original complaint. Plaintiff does not have a constitutionally protected liberty interest in a particular security classification, even if that classification is unfair and results in placement in a less desirable prison with fewer rehabilitative opportunities. See <u>Kaufman v. Hamblin</u>, 2012 WL 2571245 (W.D. Wis. 2012)(not published in Fed.Rptr.)(false information which blocked inmate's transfer to a minimum security prison did not state claim because inmate had no liberty interest in minimum security status); 60 Am.Jur.2d Penal and Correctional § 36 ("There is no federal constitutional right to a particular security classification, and federal inmates' interests in avoiding a particular classification . . . do not entitle them to due process protections."). Plaintiff's placement is in the discretion of the Bureau of Prisons. 18 U.S.C. § 3621(b).

If Plaintiff is seeking judicial review of his security classification pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701-706, et seq., that Act is not applicable to decisions under subchapter C of 18 U.S.C. Chapter 229. 18 U.S.C. § 3625. Subchapter C includes a section governing federal imprisonment,18

U.S.C. § 3621, which includes prison placement decisions.  Shah v. Samuels, 121 F.Supp.3d 843 (E.D. Ark.)(no right under APA to challenge BOP's security classification of inmate); Brown v. Holder, 770 F.Supp.2d 363 (D.C. 2011)(APA does not apply to inmates' challenges to BOP's decisions regarding security classifications and placement); Pollock v. Kallis, 2021 WL 2710013 *3 (D. Minn.)(APA does not allow review of BOP's classification determination)(*citing* Aldaco v. Holder, 2011 WL 825624 *11 (D. Minn.)("[j]udicial review of agency actions made pursuant to 18 U.S.C. § 3621, including actions made under [BOP Program Statement] 5100.08, is foreclosed....").

    Plaintiff alleges that Defendant Shea intentionally placed the false detainer in Plaintiff's classification record to retaliate against Plaintiff, but Plaintiff does not allege any First Amendment right Plaintiff was exercising which motivated Defendant Shea's actions.  Additionally, Plaintiff does not explain how Defendant Shea's actions prevented Plaintiff from being eligible for a minimum-security prison.  Responses to Plaintiff's grievance on the issue state that even without the incorrect detainer information, Plaintiff's overall security level would not change enough to make Plaintiff

eligible for placement in a minimum-security prison. [1-1 pp. 4-5.] No plausible inference arises that Defendant Shea acted in retaliation for Plaintiff's exercise of First Amendment rights or that Plaintiff would have been eligible for minimum security placement without the detainer. Gomez v. Randle, 680 F.3d 859, 866 (7th Cir. 2012)(retaliation claim requires First Amendment protected activity and adverse action motivated at least in part by that protected activity); Mays v. Springborn, 719 F.3d 631, 633 (7th Cir. 2013)(retaliation claim cannot succeed if adverse action would have occurred anyway).

In short, Plaintiff is still trying to challenge his security classification and eligibility for placement in a minimum-security prison, decisions committed to the Bureau of Prisons, not the federal courts.

**IT IS ORDERED:**

**(1)** Plaintiff's motion for leave to file an amended complaint is granted. [9.] Plaintiff's amended complaint still fails to state a federal claim.

**(2)** This action is dismissed for failure to state a federal claim. The clerk is directed to record this dismissal in the three-strike log.

**(3)** If Plaintiff seeks to appeal, then Plaintiff must file a notice of appeal with this Court within 30 days of the entry of judgment. The appellate filing fee is $505.00, which will be collected in installments from Plaintiff prison account if Plaintiff is granted leave to proceed in forma pauperis on appeal.

**(4)** The clerk is directed to close this case and enter judgment.

ENTERED: 11/3/2021         *s/Sue E. Myerscough*
                           SUE E. MYERSCOUGH
                           U.S. DISTRICT JUDGE